UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| GERARDO GOMEZ-RODRIGUEZ, | ) | |
| *Petitioner*, | ) ) ) | |
| v. | ) ) | No.: 3:12-cv-106 (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, | ) ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by the Federal Defender Services of Eastern Tennessee, Inc. on behalf of petitioner Gerardo Gomez-Rodriguez ("petitioner"). The matter is before the Court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent and petitioner's response thereto. For the following reasons, the motion to dismiss [Doc. 4] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner is in federal custody, having been convicted of illegal re-entry after deportation. *United States v. Gerardo Gomez-Rodriquez*, Criminal Action No. 3:09-cr-152 (E.D. Tenn. February 29, 2012) (Judgment). In his habeas corpus petition, petitioner challenges a 1997 drug conviction in the Criminal Court of Knox County, Tennessee. The basis for the habeas petition is *Padilla v. Kentucky*, 559 U.S. 356 (2010), in which the Supreme Court held that a criminal defense attorney has a Sixth Amendment duty to advise a noncitizen client of potential adverse immigration consequences of pleading guilty.

Petitioner claims his attorney failed to inform him that he could be deported as a result of his guilty plea and thus his conviction should be set aside.

The respondent moves to dismiss the petition as barred by the one-year statute of limitation. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period also runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2244(d)(1)(C).

In response to the motion to dismiss, petitioner argues that if *Padilla* applies retroactively, then the petition is timely. Petitioner bases this argument on the fact that he filed a state petition for post-conviction relief on April 23, 2010, less than one month after *Padilla* was decided on March 31, 2010, and in which he raised his *Padilla* claim. That post-conviction petition was denied and the Tennessee Court of Criminal Appeals ruled that *Padilla* should not apply retroactively. *Gomez v. State*, No. E2010-01319-CCA-R3-PC, 2011

2

WL 1797305 at *6 (Tenn. Crim. App. May 12, 2011), *perm. app. denied, id*. (Tenn. Oct. 18, 2011).

On March 7, 2012, less than five months after the Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief, petitioner filed the pending habeas corpus petition. Thus petitioner argues that, given the fact that the statute of limitation was tolled while his state post-conviction petition was pending, the habeas petition was filed within the one-year period following the *Padilla* decision.

Unfortunately for petitioner, on February 20, 2013, the Supreme Court held that "*Padilla* does not have retroactive effect." *Chaidez v. United States*, --- S. Ct. ---, 2013 WL 610201 at *3 (Feb. 20, 2013). Thus, petitioner's habeas corpus petition was not timely filed and is barred by the statute of limitation. Moreover, petitioner is not entitled to relief under *Padilla*. Accordingly, the motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE